UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-01849-CBM-SP | Date | February 19, 2026 |
|---|---|---|---|
| Title | *Matilde Garza v. County of San Bernardino et al* | | |

| Present: The Honorable | CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE |
|---|---|
| V.R. VALLERY | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: DEFENDANTS' MOTION IN LIMINE NO. 3**

The matter before the Court is Defendants' "Motion *in Limine* No. 3 to Exclude Opinions of Plaintiff's Expert John C. Hiserodt Regarding Bullet Trajectories." (Dkt. No. 150 (the "Motion").) Plaintiff opposes the Motion. (Dkt. No. 169.)

Defendant moves to preclude Plaintiff's forensic pathologist expert John C. Hiserodt from offering opinions regarding bullet trajectories and the position of the shooting officers relative to the decedent, Mr. Garza. (Mot. at 2.) Defendants argue that Dr. Hiserodt is not qualified in ballistics or crime-scene reconstruction so as to testify to such opinions and therefore, this evidence is inadmissible under Fed. R. Evid. 702 and 403.

Under Fed. R. Evid. 702, expert witnesses may give expert opinions if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Fed. R. Evid. §702 requires such testimony to be both relevant and reliable to be admissible. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). To determine whether the expert's proposed testimony is relevant and reliable, the trial judge must perform a preliminary assessment of "whether the reasoning and methodology underlying the expert's testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts." *Id.* at 592-93; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). The Court must determine whether the testimony addresses issues that exceed the knowledge of the average layperson, and rests on a reliable foundation. Fed. R. Evid. 702*; United States v. Vallejo*, 237 F.3d 1008, 1019 (9th Cir. 2001). Fed. R. Evid. § 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendants argue that Dr. Hiserodt's report "provides no measurements or calculations to support his

conclusions" and that "[h]is investigation is entirely devoid of scientific analysis." (Mot. at 7.)

Dr. Hiserdot states he has performed over 12,000 autopsies in his career, including many cases of in-custody deaths and various types of shooting cases. (Dkt. No. 150-2 at 2.) Further, over the last 17 years, he has given deposition and/or trial testimony relating to his experience and qualifications as a forensic pathology expert in "determining cause, manner and mechanism of death in numerous trial venues throughout California . . . including providing opinions regarding bullet trajectory in many shoot-related deaths." (*Id.* at 2-3.)

"Experts must be qualified to form the opinions that make up their testimony." *Dominguez v. City of Los Angeles*, No. CV 17-4557-DMG (PLAx), 2018 WL 6164278, at *8 (C.D. Cal. Oct. 9, 2018). In *Dominguez*, the court granted a motion *in limine* to exclude an expert's opinion regarding bullet trajectory in an excessive force case. The *Dominguez* court held that the opinions of a former police officer who was not an expert in ballistics, medicine, or biomechanics, was based on facts "laid out by other experts" not his own opinions. *Id.* at 7. Further, "[r]eading a coroner's report does not transform a police practices expert into an expert on bullet trajectory analysis.") *Id.* Here, Dr. Hiserdot has demonstrated his qualifications in similar cases and in medicine to form the basis of his opinion. Therefore, any probative value of such evidence is not substantially outweighed by danger of unfair prejudice, confusing the issues, or misleading the jury.

Accordingly, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**