FILED
CLERK, U.S. DISTRICT COURT
Oct. 21, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY: VRV DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MATILDE GARZA, individually and as surviving heir and successor in interest of ANTONIO F. GARZA, JR. (deceased),

Plaintiff,

v.

COUNTY OF SAN BERNARDINO; BILL ABERNATHY; NICHOLAS KRIDNER; and DOES 1, 3-9.

Defendants.

Case No.: 23-cv-01849-CBM-SP

**JURY INSTRUCTIONS**

**JURY INSTRUCTIONS**

DATED: October 21, 2026

HONORABLE CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

## COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## COURT'S INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Matilde Garza brings this case in two capacities: in her individual capacity, as the mother of Antonio Garza, and as successor in interest to Antonio Garza, deceased, on his behalf. In these instructions and on the verdict form, "Plaintiff" refers to Matilde Garza in both capacities. "Plaintiff Matilde Garza" refers to her in her individual capacity. "Plaintiff, as successor in interest to Antonio Garza" refers to her in her capacity as successor in interest to Antonio Garza, deceased.

Plaintiff makes the following claims:

1. Defendant San Bernardino County Sheriff's Department Deputies Nicholas Kridner and Bill Abernathy violated 42 U.S.C. § 1983 by using excessive force against Antonio Garza in violation of his rights guaranteed by the Fourth Amendment of the United States Constitution;

2. Defendants Kridner and Abernathy violated 42 U.S.C. § 1983 by depriving Matilde Garza of her right to a relationship with her son, Antonio Garza, in violation of her rights guaranteed by the Fourteenth Amendment of the United States Constitution;

3. Defendant County of San Bernardino violated the Americans with Disabilities Act and Rehabilitation Act by failing to reasonably accommodate to Antonio Garza's mental disability;

4. Defendants Kridner and Abernathy were negligent in their use of deadly force against Antonio Garza;

5. Defendants Kridner and Abernathy violated the California Bane Act by using excessive force with reckless disregard for Antonio Garza's right to be free from it;

6. Defendants Kridner and Abernathy violated California law by committing a battery against Antonio Garza;

7. Defendants Kridner, Abernathy, and County of San Bernardino violated

California law by wrongfully causing the death of Antonio Garza.

8. Defendants Kridner and Abernathy are liable for punitive damages because they acted with malice, oppression, or reckless disregard for Matilde and Antonio Garza's rights.

Plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendants deny those claims and assert that Deputies Nicholas Kirdner and William Abernathy's actions were objectively reasonable under the totality of the circumstances presented.

Defendants also raise the following affirmative defense, which Defendants have the burden of proving by a preponderance of the evidence:

1. Antonio Garza negligently caused his own harm.

## COURT'S INSTRUCTION NO. 3

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**COURT'S INSTRUCTION NO. 4**

You should decide the case as to plaintiff Matilde Garza personally, plaintiff Matilde Garza as successor in interest to Antonio Garza, and each defendant separately. Unless otherwise stated, the instructions apply to all parties.

## COURT'S INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

## COURT'S INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that was excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered. In addition, some evidence may have been received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must not have considered that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 7**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## COURT'S INSTRUCTION NO. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered, or the exhibit received. If I sustained the objection, the question could not be answered, and the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## COURT'S INSTRUCTION NO. 9

In deciding the facts in case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## COURT'S INSTRUCTION NO. 10

The law allows witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions." In determining the weight to give to the witness' testimony that is based on the assumed facts, you should consider whether there is evidence to support the assumed facts.

## COURT'S INSTRUCTION NO. 11

The evidence that a witness—e.g., lied under oath on a prior occasion, etc.—may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## COURT'S INSTRUCTION NO. 12

During deliberations you will not have a transcript of the trial testimony.

## COURT'S INSTRUCTION NO. 13

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## COURT'S INSTRUCTION NO. 14

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony in the same way as if the witness testified before you here.

**COURT'S INSTRUCTION NO. 15**

You have heard testimony from expert witnesses who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**COURT'S INSTRUCTION NO. 16**

Plaintiff brings some of her claims under the federal statute, 42 U.S.C. § 1983, which provides that one who, under color of state law, deprives another person of any rights, privileges, or immunities guaranteed by the Constitution or laws of the United States is liable to the injured person.

## COURT'S INSTRUCTION NO. 17

In order to prevail on her claim for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 and her claim for deprivation of right to relationship with son in violation of the Fourteenth Amendment under 42 U.S.C. § 1983, against Defendants Kridner and/or Abernathy, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Defendants Kridner and/or Abernathy acted under color of state law; and

2. the acts and/or failure to act of Defendants Kridner and/or Abernathy deprived the plaintiff of a right guaranteed by the United States Constitution as explained in these instructions; and

3. Defendants Kridner's and/or Abernathy's conduct was an actual cause of the claimed injury.

I instruct you that all of the defendants acted under color of state law. Therefore, the first element requires no proof.

Defendants Kridner's and/or Abernathy's conduct is an actual cause of the plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find that Plaintiff has proved each element she is required to prove under her claim for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 and/or her claim for deprivation of right to relationship with son in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 (Instructions Nos. 18 and/or 19), your verdict should be for Plaintiff. If, on the other hand, you find that Plaintiff has failed to prove any one or more of the elements of both of these claims, your verdict should be for the Defendants.

## COURT'S INSTRUCTION NO. 18

In order to prevail on her claims for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 against Defendant Kridner and/or Defendant Abernathy, Plaintiff Matilde Garza, as successor in interest to Antonio Garza must establish the following elements by a preponderance of the evidence:

1. Defendant Kridner and/or Defendant Abernathy intentionally shot Antonio Garza; and

2. The shooting was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, Plaintiff must prove that Defendant Kridner and/or Defendant Abernathy intended to fire his weapon. It is not enough to prove that Defendant Kridner and/or Defendant Abernathy negligently or accidentally fired his weapon. But while Plaintiff must prove that Defendant Kridner and/or Defendant Abernathy intended to fire his weapon, she need not prove that Defendant Kridner and/or Defendant Abernathy intended to violate Antonio Garza's Fourth Amendment rights.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force detaining a suspect or in defending himself or others. Therefore, to establish an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Defendant Kridner and/or Defendant Abernathy used excessive force when firing at least one gunshot striking Antonio Garza.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. Each gunshot constitutes a use of force. An officer's initially reasonable use of deadly force does not authorize continued shooting after the justification ends. Evaluate the challenged shots in the context of the encounter, including changes in the apparent threat and the time and opportunity an objectively reasonable officer had to perceive and respond to those

changes. An officer justified in shooting to end a severe threat need not stop while that threat continues. Reassessment is required when circumstances permit.

You must judge the reasonableness of each particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether Defendant Kridner and/or Defendant Abernathy used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. the number of officers present;

2. the nature of the crime or other circumstances known to Defendant Kridner and/or Defendant Abernathy at the time he shot Antonio Garza;

3. whether Antonio Garza posed an immediate threat to the safety of Defendant Kridner and/or Defendant Abernathy or to others;

4. whether Antonio Garza was actively resisting arrest or attempting to evade arrest by flight;

5. the amount of time Defendant Kridner and/or Defendant Abernathy had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

6. the relationship between the need for the use of force and the amount of force used;

7. the extent of Antonio Garza's injuries;

8. any effort made by Defendant Kridner and/or Defendant Abernathy to temper or limit the amount of force;

9. the severity of the security problem at issue;

10. the availability of alternative methods to take Antonio Garza into custody or subdue Antonio Garza;

11. the number of lives at risk (motorists, pedestrians, police officers) and the

parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

12. whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

13. whether it should have been apparent to the officer that the person he used force against was emotionally disturbed;

14. whether there was probable cause for a reasonable officer to believe that Antonio Garza had committed a crime involving the infliction or threatened infliction of serious physical harm; and

15. whether Defendants Kridner and/or Abernathy violated any sheriff's department policy, procedure, training, or guideline relating to incident planning, de-escalation, foot pursuits, less-lethal weapons, recognizing and responding to mental illness, crisis resources, tactical planning, officer safety principles, backup, communication, the use of cover and concealment, the use of time and distance, or the use of lethal force.

Whether Antonio Garza posed an immediate threat is the most important factor.

Deadly force is excessive unless the officer has probable cause to believe the suspect poses an immediate threat of death or serious bodily injury.

"Serious bodily injury" means serious physical impairment of the human body; bodily injury that creates a substantial risk of death; or bodily injury that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer in that officer's position would conclude that there is a fair probability, or substantial chance Antonio Garza posed such a threat.

## COURT'S INSTRUCTION NO. 19

Plaintiff claims that Defendants Nicholas Kridner and Bill Abernathy violated her Fourteenth Amendment right to the companionship and society of her son, Antonio Garza.

A parent has a constitutionally protected liberty interest in the companionship and society of her child. The Constitution prohibits government officials from interfering with that relationship in a manner that "shocks the conscience."

In order to prevail on her claim for deprivation of right to relationship with son in violation of the Fourteenth Amendment under 42 U.S.C. § 1983, Plaintiff must prove the following by a preponderance of the evidence:

1. Defendant Kridner's and/or Defendant Abernathy's conduct caused the death of Antonio Garza; and

2. Defendant Kridner's and/or Defendant Abernathy's conduct shocked the conscience, as explained below.

In deciding whether Defendant Kridner's and/or Defendant Abernathy's conduct shocked the conscience, you must first determine whether, under the circumstances, actual deliberation was practical.

The question is not whether, with hindsight, more time could have been available. The question is whether the circumstances as they reasonably appeared to Defendant Kridner and/or Defendant Abernathy allowed a chance for actual deliberation. Defendant Kridner and/or Defendant Abernathy had an opportunity to deliberate if the circumstances allowed him a meaningful chance to consider the situation and make a reasoned decision before using the force at issue.

In making this determination, you may consider all the surrounding circumstances, including:

1. The duration and progression of the encounter;

2. The information known to Defendant Kridner and/or Defendant Abernathy at the time;

3. The immediacy and nature of any perceived threat;

4. The need, if any, for an immediate decision;

5. The opportunities, if any, to reassess the situation, communicate, plan, or employ alternatives before acting; and

6. Any other circumstances bearing on whether Defendant Kridner and/or Defendant Abernathy were required to make a snap judgment.

If you find that Defendant Kridner and/or Defendant Abernathy had an opportunity to deliberate, apply the deliberate indifference standard in the next section. If you find that Defendant Kridner and/or Defendant Abernathy did not have an opportunity to deliberate because the situation escalated so quickly that he was required to make a snap judgment, skip the next section and apply the "purpose to harm" standard that follows.

**Deliberate Indifference: (if there was an opportunity to deliberate):**

If you find that actual deliberation by Defendant Kridner and/or Defendant Abernathy was practical, Plaintiff must prove that Defendant Kridner and/or Defendant Abernathy acted with deliberate indifference to Antonio Garza's constitutional rights.

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions. It requires more than negligence, but it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. If Plaintiff proves by a preponderance of the evidence that Defendant Kridner and/or Defendant Abernathy had an opportunity to deliberate and acted with deliberate indifference to a substantial risk of serious injury or death to Antonio Garza, you must find that Defendant's conduct shocked the conscience.

**Purpose to Harm (if there was no time to deliberate):**

If you find that Defendant Kridner and/or Defendant Abernathy did not have time to deliberate because he was required to make a snap judgment in rapidly evolving circumstances, Plaintiff must prove that Defendant Kridner and/or Defendant

Abernathy acted with a purpose to harm Antonio Garza that was unrelated to a legitimate law-enforcement objective.

"Purpose to harm" means a Defendant used force to injure, punish, or otherwise harm Antonio Garza for reasons unrelated to a legitimate law enforcement objective, or if he intended to inflict force beyond that which was required by a legitimate law enforcement objective. Legitimate law enforcement objectives include arresting a suspect, protecting the officer, and protecting others.

If Plaintiff proves by a preponderance of the evidence that Defendant Kridner and/or Defendant Abernathy acted with a purpose to harm Antonio Garza unrelated to a legitimate law-enforcement objective, you must find that Defendant Kridner and/or Defendant Abernathy conduct shocked the conscience.

## COURT'S INSTRUCTION NO. 20

Americans with Disabilities Act & Rehabilitation Act Under the Americans with Disabilities Act and the Rehabilitation Act, Defendant County of San Bernardino must provide reasonable accommodations to qualified disabled persons. In order to prove that Defendant County of San Bernardino violated the Americans with Disabilities Act and the Rehabilitation Act, Plaintiff must prove the following by a preponderance of the evidence:

1. Antonio Garza was a qualified individual with a disability under the Americans with Disabilities Act and the Rehabilitation Act;

2. Defendant County of San Bernardino's employees had adequate notice of Antonio Garza's disability;

3. A reasonable accommodation was available that would have resulted in Antonio Garza suffering no greater injury or indignity than an individual without his disability would have suffered in the same situation; and

4. Defendant County of San Bernardino's failure to provide a reasonable accommodation caused harm to Antonio Garza.

I instruct you that Antonio Garza was a qualified individual with a disability, therefore the first element requires no proof.

The duty to reasonably accommodate begins once the Defendant receives adequate notice of Antonio Garza's disability.

Defendant County had adequate notice of Antonio Garza's disability if Defendant Kridner and/or Defendant Abernathy knew or should have known of Antonio Garza's disability.

Defendant County was not required to provide a proposed accommodation if it can demonstrate that the requested accommodation would have fundamentally altered an essential function of policing, such as investigation or arrest. In considering whether a particular reasonable accommodation was reasonable, you should consider all factors.

Plaintiff is only entitled to accommodations that are reasonable. Reasonableness depends on the circumstances at the relevant time, including the disability-related need, the modification's likely effectiveness, urgency, risks to Antonio Garza and others, and the time and resources available. A police emergency does not automatically eliminate accommodation duties. It is for you to decide whether an accommodation was reasonable under the circumstances. Plaintiff claims that Defendant county could have provided one or more reasonable accommodations in the circumstances of this case.

**COURT'S INSTRUCTION NO. 21**

This instruction relates only to Plaintiff's negligence claim. Defendants, the County of San Bernardino, Nicholas Kridner, and William Abernathy claim that Antonio Garza's own negligence contributed to his harm. To succeed on this affirmative defense, Defendants must prove both of the following:

1. That Antonio Garza was negligent; and

2. That Antonio Garza's negligence was a substantial factor in causing his own harm.

In determining any negligence by Antonio Garza, you may not consider any of Antonio Garza's conduct prior to the arrival of Deputies Abernathy and Kridner at Mr. Garza's property on the day of the incident.

If Defendants prove the requirements Nos. 1 and 2 above, Plaintiff's damages will be reduced by your determination of the percentage of Antonio Garza's responsibility. The Court will calculate the actual reduction.

## COURT'S INSTRUCTION NO. 22

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the same situation.

**COURT'S INSTRUCTION NO. 23**

A person's negligence may combine with another factor to cause harm. If you find that a defendant's negligence was a substantial factor in causing Plaintiff's harm, then that defendant is responsible for the harm. A defendant cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Plaintiff's harm.

**COURT'S INSTRUCTION NO. 24**

A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**COURT'S INSTRUCTION NO. 25**

Plaintiff Matilde Garza, as successor in interest to Antonio Garza, claims that Defendant Kridner, Defendant Abernathy, and Defendant County of San Bernardino violated the Bane Act by intentionally interfering with Antonio Garza's civil rights by threat, intimidation, or coercion. To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1. That Defendant Kridner and/or Defendant Abernathy used excessive force against Antonio Garza, as explained in Instruction No. 18;

2. That Defendant Kridner and/or Defendant Abernathy acted with a reckless disregard for Antonio Garza's right to be free from excessive force;

3. That Antonio Garza was harmed; and

4. That Defendant Kridner's and/or Defendant Abernathy's conduct was a substantial factor in causing that harm.

If you find Defendant Kridner and/or Defendant Abernathy liable on this claim, you must find that Defendant County of San Bernardino liable.

## COURT'S INSTRUCTION NO. 26

This instruction goes to Plaintiff's claim for battery. A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Matilde Garza, as successor in interest to Antonio Garza, claims that Defendant Kridner and Defendant Abernathy battered Antonio Garza by unnecessarily using deadly force on him. To establish this claim, Plaintiff must prove all of the following by a preponderance of the evidence:

1. That Defendant Kridner and/or Defendant Abernathy intentionally touched Antonio Garza;

2. That Defendant Kridner and/or Defendant Abernathy used deadly force on Antonio Garza;

3. That Defendant Kridner's and/or Defendant Abernathy's use of deadly force was not necessary to defend human life;

4. That Antonio Garza was harmed; and

5. That Defendant Kridner's and/or Defendant Abernathy's use of deadly force was a substantial factor in causing Antonio Garza's harm.

Defendant Kridner's and/or Defendant Abernathy's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Defendant Kridner and/or Defendant Abernathy at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Defendant Kridner, Defendant Abernathy and/or another person; or to apprehend a fleeing person for a felony, when all of the following conditions are present:

1. The felony threatened or resulted in death or serious bodily injury to another;

2. The Defendant reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

3. If practical under the circumstances, Defendant made reasonable efforts to

identify himself as a peace officer and to warn that deadly force would be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.

Touch does not require skin-to-skin contact. If a person fires a bullet at another person and that bullet strikes the other person, then the person firing the bullet touched the person struck by it.

A Defendant's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Defendant at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Defendants and/or another person;

"Serious bodily injury" means serious physical impairment of the human body; bodily injury that creates a substantial risk of death; or bodily injury that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

A threat of death or serious bodily injury is "imminent" if, based on the totality of

the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of the Defendants and the conduct of Antonio Garza leading up to the use of deadly force. In determining whether Defendant Kridner and/or Defendant Abernathy's use of deadly force was necessary in defense of human life, you must consider his/their tactical conduct and decisions before using deadly force on Antonio Garza and whether Defendant Kridner and/or Defendant Abernathy used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether the Defendant knew or had reason to know that the person against whom he used force was suffering from a mental health disability that may have affected the person's ability to understand or comply with commands from the officer.

## COURT'S INSTRUCTION NO. 27

This instruction goes to Plaintiff's claim for negligence. A peace officer may use deadly force only when necessary in defense of human life. Plaintiff Matilde Garza, as successor in interest to Antonio Garza, claims that Defendant Kridner and Defendant Abernathy were negligent in using deadly force against Antonio Garza. To establish this claim, Plaintiff must prove all of the following:

1. That Defendant Abernathy and/or Defendant Kridner were a peace officers;

2. That Defendant Abernathy and/or Defendant Kridner were used deadly force on Antonio Garza;

3. That Defendant Abernathy's and/or Defendant Kridner's use of deadly force was not necessary to defend human life;

4. That Antonio Garza was killed; and

5. That the Defendant Abernathy's and/or Defendant Kridner's use of deadly force was a substantial factor in causing Antonio Garza's death.

A Defendant's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by the Defendant at the time, that deadly force was necessary to either defend against an imminent threat of death or serious bodily injury to Defendant Abernathy, Defendant Kridner, and/or another person; or to apprehend a fleeing person for a felony, when all of the following conditions are present:

1. The felony threatened or resulted in death or serious bodily injury to another;

2. The Defendant Abernathy and/or Defendant Kridner reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

3. Defendant Abernathy and/or Defendant Kridner made reasonable efforts to identify himself as a peace officer and to warn that deadly force would be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested has a duty not to use force to resist a peace officer unless the peace officer is using unreasonable force.

"Serious bodily injury" means serious physical impairment of the human body; bodily injury that creates a substantial risk of death; or bodily injury that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by the peace officer at the time, including the conduct of the Defendants and the conduct of

Antonio Garza leading up to the use of deadly force. In determining whether Defendant Kridner and/or Defendant Abernathy's use of deadly force was necessary in defense of human life, you must consider his/their tactical conduct and decisions before using deadly force on Antonio Garza and whether Defendant Kridner and/or Defendant Abernathy used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether the Defendant knew or had reason to know that the person against whom he used force was suffering from a mental health disability that may have affected the person's ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other deescalation tactics are not retreat. A peace officer does not lose the right to self-defense by using objectively reasonable force to arrest, detain, prevent escape or overcome resistance.

If you find Defendant Kridner and/or Defendant Abernathy liable on this claim, you must find Defendant County of San Bernardino liable on this claim.

## COURT'S INSTRUCTION NO. 28

Plaintiff Matilde Garza claims that Defendants Kridner, Abernathy, and County of San Bernardino are responsible for the wrongful death of Antonio Garza. To establish this claim against a Defendant, Plaintiff must prove all of the following by a preponderance of the evidence:

1. Defendants Kridner and/or Defendant Abernathy committed one or more negligent acts against Antonio Garza as explained in earlier instructions;

2. That one or more such negligent acts was a substantial factor in causing Antonio Garza's death;

3. That Plaintiff Matilde Garza was Antonio Garza's mother; and

4. That Plaintiff Matilde Garza suffered harm as a result of Antonio Garza's death.

If Plaintiff proves all of these elements, you must find for Plaintiff on her wrongful-death claim against that defendant. If she does not prove all of these elements, you must find for that defendant on her wrongful-death claim.

## COURT'S INSTRUCTION NO. 29

The County of San Bernardino is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment. I instruct you that Defendants Kridner and Abernathy were acting within the scope of their employment at the time of the incident.

## COURT'S INSTRUCTION NO. 30

You may consider customs or practices in the community in deciding whether a person acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in the person's situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

## COURT'S INSTRUCTION NO. 31

Plaintiff seeks damages under more than one legal theory. This instruction concerns Plaintiff Matilde Garza as successor in interest to Antonio Garza's claim for disability discrimination in violation of the Americans with Disabilities Act.

In determining the measure of damages, you should consider:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The physical pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, lost up to the present time; and

5. The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities that with reasonable probability will be lost in the future.

## COURT'S INSTRUCTION NO. 32

This instruction concerns (1) Plaintiff Matilde Garza as successor in interest to Antonio Garza's claim for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 and (2) Plaintiff Matilde Garza (personally)'s claim for deprivation of right to relationship with son in violation of the Fourteenth Amendment under 42 U.S.C. § 1983.

In determining the measure of damages, you should consider:

1. The nature and extent of the injuries;

2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

3. The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

4. The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, lost up to the present time; and

5. The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities that with reasonable probability will be lost in the future.

## COURT'S INSTRUCTION NO. 33

This instruction concerns Plaintiff's California state law claims for (1) battery, (2) violation of the Bane Act, (3) negligence, and (4) wrongful death.

If you find for Plaintiff on any of these claims against any of the defendants, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Plaintiff does not have to prove the exact amount of damages. However, you must not speculate or guess in awarding damages. Damages means the amount of money that will reasonably and fairly compensate Plaintiff Matilde Garza personally or as successor in interest to Antonio Garza for any injuries, losses, or harms caused by the defendants.

The damages claimed by Matilde Garza personally or as successor in interest to Antonio Garza fall into two categories called economic damages and noneconomic damages.

Plaintiff seeks damages under more than one legal theory. However, each type of damages listed in roman numerals below may be awarded only once, regardless of the number of legal theories alleged that have that same type of damages.

1. **Battery (To Plaintiff Matilde Garza, as successor in interest)**
   - **a.** Noneconomic Damages
     - i. The physical pain and suffering experienced by Antonio Garza;
     - ii. The mental, and/or emotional pain and suffering experienced by Antonio Garza, including, but not limited to, fright, apprehension, terror, and shock.
2. **Bane Act (To Plaintiff Matilde Garza, as successor in interest)**
   - **a.** Noneconomic Damages
     - i. The physical pain and suffering experienced by Antonio Garza;
     - ii. The mental, and/or emotional pain and suffering experienced by Antonio Garza, including, but not limited to, fright, apprehension, terror, and shock.

**b.** Penalty

i. In addition to noneconomic and economic damages, you may award Plaintiff, as successor in interest to Antonio Garza, up to three times the amount of her actual noneconomic and economic damages as a penalty against Defendant Kridner and/or Defendant Abernathy.

**3. Negligence (To Plaintiff Matilde Garza, as successor in interest)**

**a.** Noneconomic Damages

i. The physical pain and suffering experienced by Antonio Garza;

ii. The mental, and/or emotional pain and suffering experienced by Antonio Garza, including, but not limited to, fright, apprehension, terror, and shock.

**4. Wrongful Death (To Plaintiff Matilde Garza, personally)**

**a.** Noneconomic Damages

i. Matilde Garza's loss of Antonio Garza's love, companionship, comfort, care, assistance, affection, society, and moral support.

Regarding Noneconomic Damages: No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

## COURT'S INSTRUCTION NO. 34

Plaintiff Matilde Garza is not entitled to damages for any physical or emotional condition that she had before Defendants' conduct occurred. However, if Matilde Garza had a physical or emotional condition that was made worse by Defendants' wrongful conduct, you must award damages that will reasonably and fairly compensate her for the condition that was made worse.

## COURT'S INSTRUCTION NO. 35

You must decide the full amount of money that will reasonably and fairly compensate Matilde Garza personally and as successor in interest to Antonio Garza for all damages caused by the wrongful conduct of Defendant Kridner, Defendant Abernathy, and/or Defendant County of San Bernardino even if Matilde and/or Antonio Garza was/were more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

**COURT'S INSTRUCTION NO. 36**

This instruction applies to Plaintiff's claim for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983, deprivation of right to relationship with son in violation of the Fourteenth Amendment under 42 U.S.C. § 1983, and disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12131.

The law that applies to this case authorizes an award of nominal damages for violation of a constitutional right. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**COURT'S INSTRUCTION NO. 37**

You must use reason in setting the amount of punitive damages. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.

In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to others. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the Matilde Garza or Antonio Garza.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against Defendant County of San Bernardino. You may impose punitive damages against one or more of the defendants and not others and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

## COURT'S INSTRUCTION NO. 38

If you find for the plaintiff on her claim for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 and/or her claim for deprivation of right to relationship with son in violation of the Fourteenth Amendment under 42 U.S.C. § 1983, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was in reckless disregard of Antonio Garza's or Matilde Garza's rights, oppressive, or malicious.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.

An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

**COURT'S INSTRUCTION NO. 39**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 40

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**COURT'S INSTRUCTION NO. 41**

A verdict form has been prepared for you with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Although you may discuss the evidence and the issues to be decided in any sequence, you must answer the questions on the verdict form in the order they appear. After you answer a question, the form tells you what to do next. All of you must deliberate on and answer each question. All of you must agree on an answer before all of you can move on to the next question.

After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

You may be polled in open court. If so, each juror must be able to state truthfully that the answer does or does not express his or her vote.

## COURT'S INSTRUCTION NO. 42

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.
>
> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

**COURT'S INSTRUCTION NO. 43**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

## COURT'S INSTRUCTION NO. 44

There is no evidence of illegal drug use in this case.